IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODOLFO ZOLEZZI, } | |
| } | |
| *Plaintiff*, } | |
| v. } | Civil Action No. H-08-3508 |
| } | |
| CELADON TRUCKING SERVICES, INC., } | |
| } | |
| *Defendant*. } | |

## OPINION AND ORDER

Pending before the Court is Defendant Celadon Trucking Services, Inc.'s (Celadon) motion to consolidate (Doc. 15). Upon review and consideration of this document, the entire record in this cause, and the controlling legal authority, the Court finds that the motion should be GRANTED.

I.  Background Information

On July 27, 2008, Plaintiff Rodolfo Zolezzi (Zolezzi) filed suit against Defendant Celadon for injuries sustained in a multi-vehicle collision (Doc. 1). Zolezzi initiated this action in the United States District Court for the Southern District of Texas, Brownsville Division (Civil Action No. B-08-0385). Celadon subsequently moved to transfer venue to the Houston Division, and, on November 25, 2008, its motion was granted and the case was transferred. Celadon now requests that the Court consolidate *Samuel Michael Grella v. Robert E. Soares and Celadon Trucking Services, Inc.* (Civil Action No. H-08-3301) pending before United States District Judge Vanessa Gilmore,[1] with the above styled and numbered cause.

---

[1] Samuel Michael Grella (Grella), a passenger in Zolezzi's vehicle, initially filed suit against Celadon and its driver, Robert Soares (Soares), in the 164th District Court of Harris County, Texas. On November 7, 2008, Celadon removed this suit to federal court.

II.	Legal Standard on Motion to Consolidate

"When actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated[.]" Fed. R. Civ. P. 42(a). A district court has broad discretion under this rule. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

Factors for the court to consider in deciding if consolidation is appropriate include the following: "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D.Tex. Feb. 7, 2007) (citations omitted). The Court also considers whether the cases are at the same stage of preparation for trial. *Id.* (citation omitted).

"Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citations omitted).

III.	Discussion

Celadon argues that a balancing of these factors weighs in favor of consolidation. For the reasons set forth below, the Court agrees with Celadon and finds that these cases should be consolidated.

With respect to the first factor, the above styled and numbered cause and *Samuel Michael Grella v. Robert E. Soares and Celadon Trucking Services, Inc.* are both pending before the United States District Court for the Southern District of Texas, Houston Division.

As to the second factor, the sole non-common party is Soares, the driver of Celadon's truck. He was named as a defendant in the action brought by Grella, but he was not named in the suit filed by Zolezzi. The fact that a defendant is named in one but not both of the actions does not, standing alone, make consolidation inappropriate. *Lewis v. Jones*, 154 F.3d 417 (5th Cir. 1998) (citing *Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981)). Additionally, there are two non-party drivers that could be joined to apportion liability in both of these actions.

With respect to the third factor, the Court finds that these two actions involve common questions of law and fact. Both Zolezzi and Grella allege that Celadon's truck driver was negligent and caused them harm. Furthermore, both of these actions arise out of the same multi-vehicle collision.

As to the fourth and fifth factors, the court finds that the risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately. Accordingly, consolidation serves the purposes of judicial efficiency and avoids duplicative litigation. Consolidation will reduce the time and expense to both the parties and non-parties in this matter.

Additionally, both actions are at the early stages of litigation. The scheduling conference in the above styled and numbered cause was held on January 22, 2009, and the scheduling conference in *Samuel Michael Grella v. Robert E. Soares and Celadon Trucking Services, Inc.* is currently set for March 13, 2009.

IV.       Conclusion

For the reasons set forth above, the Court hereby ORDERS that Defendant Celadon's motion to consolidate (Doc. 15) is GRANTED.

SIGNED at Houston, Texas, this 16th day of March, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE